## WONG OCK JEE v. WEEDIN, United States Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit.
March 19, 1928.

No. 5316.

1. Aliens ⬤⟿25—Son of Chinese merchant lawfully domiciled in United States, held not entitled to be admitted, where he became 21 years old one day before reaching port while on American vessel; "entered United States."

Chinese, who was never in United States, though son of Chinese merchant lawfully domiciled here, held, not entitled to be admitted upon reaching port of Seattle one day after he became 21 years of age, notwithstanding that he had received from American consul at Hong Kong visa as "minor son," and was traveling on American vessel, since alien cannot be deemed to have "entered United States" by boarding American vessel.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Enter—Entry (Under Immigration Laws)].

2. Aliens ⬤⟿25—Right to entry of children of domiciled Chinese merchants as such rests on judicial construction.

Since there is no express provision of either treaty or statute authorizing entry of children of domiciled Chinese merchants, such rights as are recognized rest on judicial construction.

3. Aliens ⬤⟿25—American consul held without authority to admit Chinese to United States or determine right to admission.

American consul at Hong Kong held without authority to admit Chinese to United States as minor son of Chinese merchant or to determine his right to admission, since visa issued by such consul only operates to enable Chinese to make application for admission at port of entry to officers empowered to determine his right.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; George M. Bourquin, Judge.

Petition by Wong Ock Jee against Luther Weedin, as United States Commissioner of Immigration at the Port of Seattle, for a writ of habeas corpus. Judgment for defendant, and plaintiff appeals. Affirmed.

Hugh C. Todd, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and Anthony Savage, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, on the brief), for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. [1, 2] Appellant is of the Chinese race, was born in China, was never in the United States, is

married, and, we shall assume, is the son of a Chinese merchant lawfully domiciled here. His contention is that, though he did not reach the port of Seattle where he sought admission until April 25, 1927, one day after he became 21 years of age, he was entitled to be admitted as the minor son of a resident merchant, because on March 30, 1927, he received from the American consul at Hong Kong a visa as such "minor son," and thereupon boarded and was duly manifested as a passenger upon the first vessel thereafter sailing from Hong Kong to Seattle; the vessel being of American registry and sailing from Hong Kong on April 6th for a continuous voyage to Seattle. This view we are unable to accept. There is no express provision of either treaty or statute authorizing the entry of children of domiciled Chinese merchants, and such rights as are recognized rest upon judicial construction. For the reasons explained by Judge Deady in the Chung Toy Ho Case (C. C.) 42 F. 398, 9 L. R. A. 204, and approved by the Supreme Court in United States v. Mrs. Gue Lim et al., 176 U. S. 459, 20 S. Ct. 415, 44 L. Ed. 544, minor children, but only minors, may claim the right. In harmony, we think, with these decisions, rule 9 of the Rules of the Immigration Department, adopted October 1, 1926, provides that "no alien Chinese, twenty-one years of age or over, American reckoning, at the time of arrival at a port of the United States, shall be permitted to enter otherwise than of his own individual status. * * * "

[3] Appellant's case falls within neither the letter of the rule nor the reasoning of the decisions defining the rights of the members of a merchant's family. Nor do we find in the fact that, while he was still a minor, he obtained a visa and boarded a ship of American registry, any reason for enlarging the rule. The American consul was without authority to admit him to the United States or to determine his right to admission. The visa only operated to enable him to make application for admission, at a port of entry, to officers empowered to determine his right. In a metaphorical sense a vessel upon the high seas is sometimes spoken of as constituting a part of the territory of the country whose flag she flies; but this is only for restricted purposes. Scharrenberg v. Dollar S. S. Co., 245 U. S. 122, 38 S. Ct. 28, 62 L. Ed. 189; Cunard S. S. Co. v. Mellon, 262 U. S. 100, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306; Lam Mow v. Nagle, 24 F. (2d) 316, decision this court February 20, 1928. And neither any treaty nor statute

suggests the notion that, upon boarding an American vessel, either in foreign waters or upon the high seas, an alien is deemed to have entered the United States.

Accordingly, the judgment is affirmed.