## Ex parte LEY GAY SEONG.

## LEY GAY SEONG v. CARR.

### No. 6044.

Circuit Court of Appeals, Ninth Circuit.

June 2, 1930.

You Chung Hong, of Los Angeles, Cal. (George W. Hott and Chas. E. Booth, both of Washington, D. C., of counsel), for appellant.

Samuel W. McNabb, U. S. Atty., and P. V. Davis, Asst. U. S. Atty., both of Los Angeles, Cal. (Harry E. Blee, U. S. Immigration Service, of Los Angeles, Cal., on the brief), for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

RUDKIN, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. The question for decision is, Was the appellant barred from admission to the United States by reason of his age? The controlling facts are as follows: The appellant is the son of a Chinese merchant lawfully domiciled in the United States. He was born in China on June 14, 1908. On May 21, 1929, he embarked on the steamship "President McKinley" and was manifested to the port of San Pedro, Cal. The vessel arrived at the port of San Francisco on June 12, 1929, and remained there for about three days before proceeding to San Pedro. She did not arrive at San Pedro until June 16, 1929. It will thus be seen that the appellant attained his majority while the vessel was in the port of San Francisco, and was three days above the age of majority when the vessel arrived in San Pedro, the port to which he was manifested.

The right of minor children of domiciled Chinese merchants to enter the United States is not expressly guaranteed by treaty or statute, but rests on judicial construction only. Wong Ock Jee v. Weedin (C. C. A.) 24 F. (2d) 962. In that case the applicant attained his majority while on the high seas, en route to the United States on an American vessel, and it was held that his application for admission was properly denied. The plain inference from that decision is that an applicant such as the appellant must apply for admission during his minority, or, at least,

must arrive at the port to which he is manifested during the period of minority.

Some stress seems to be laid on Rule 9 of the Rules of the Immigration Department, which provides: "No alien Chinese twenty-one years of age or over, American reckoning, at the time of arrival at a port of the United States, shall be permitted to enter otherwise than of his own individual status as a member of the exempt classes and upon presentation of the certificate prescribed by. Section 6 of the Act of July 5, 1884, and the visa required by the Immigration Act of 1924, irrespective of whether or not he is a member of the household of his exempt merchant father."

The language, "a port of the United States," might doubtless be construed to mean any port of the United States, regardless of the port to which the alien is manifested, but a departmental rule which would admit an alien of this class who did not apply for admission, or reach the port at which he could lawfully be admitted, until after attaining his majority, would be of doubtful validity, to say the least. The appellant did not and could not apply for admission at the port of San Francisco, and his mere presence there at the time of attaining his majority did not of itself entitle him to be admitted at the proper port three days thereafter.

The order is affirmed.